UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CABLE EXPRESS, INC.,

    Plaintiff,

Case No. 5:05-CV-144

v.

Hon. Richard Alan Enslen

CHARTER COMMUNICATIONS
HOLDING CO., LLC,

**PARTIAL JUDGMENT**

    Defendant.
_____/

    This matter is before the Court on Defendant Charter Communications Holding Co., LLC's Motion for Judgment on the Pleadings. The briefing shows that the Motion should be granted as to the Count III claim (interference with contract), but denied as to the Count 1 claim (account stated). Oral argument is unnecessary in light of the briefing.

    This is a diversity suit involving an unpaid account and other related claims. The parties agree that Missouri law applies under their written contract for services. (Compl., Ex. 1 ¶ 19.) Plaintiff Cable Express, Inc. has alleged in the Complaint and referenced Affidavit that it had a contract to supply cable installation services for Defendant and had billed for such services by written statements of account. (Compl. ¶¶ 6-8; Aff. of Debt ¶ 3.) Since the affidavit claims that an amount is due on the open account, the Court reads the allegation as implying that the accounting was presented and no timely objection was made by Defendant. (*See also* Pl.'s Resp. 3.) Plaintiff Cable Express, Inc. has not opposed the grant of partial summary judgment as to the Count III claim and the record supports Defendant's request in this regard.

> Judgment on the pleadings is rare given the standards applicable to such motions:
>
> A Rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to that employed under a Rule 12(b)(6) motion to dismiss. *EEOC v. J.H. Routh Packing Co.,* 246 F.3d 850, 851 (6th Cir. 2001); *Grindstaff v. Green,* 133 F.3d 416, 421 (6th Cir.1998). When ruling on a defendant's motion to dismiss on the pleadings, a district court "must construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief." *Ziegler v. IBP Hog Market, Inc.,* 249 F.3d 509, 512 (6th Cir. 2001) (citations omitted).

*Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006).

In this case, judgment on the pleadings is not warranted as to the Count I claim for account stated. The theory of "account stated" is well summarized in *Black's Law Dictionary*, which defines the theory as referring to "a balance that parties to a transaction or settlement agree on, either expressly or by implication." *Black's Law Dictionary*, 17 (West Pub. Co. 7th ed. 1999). Similarly, Missouri courts recognize that agreement to an account stated may be manifest by the implication–namely, the billing of an account and the failure of the billed party to make a timely objection to the billing. *Honignman v. C & L Restaurant Corp.*, 962 S.W.2d 458, 459-60 (Mo. Ct. App. 1998). Defendant's position–that the agreement must be an express one–is contrary to the usual and common law practice in this area. This position is also not a commercially reasonable one because it overlooks the usual commercial practice of relying upon non-objected billings, which is one of the primary methods of contracting for goods and services.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant Charter Communications Holding Co., LLC's Motion for Judgment on the Pleadings (Dkt. No. 42) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that judgment on the pleadings is entered in favor of Defendant Charter Communications Holding Co., LLC and against Plaintiff Cable Express, Inc. as to Count III of the Complaint, which claim is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that judgment on the pleadings is **DENIED** as to Count I of the Complaint.

|  |  |
|---|---|
| | /s/ Richard Alan Enslen |
| DATED in Kalamazoo, MI: | RICHARD ALAN ENSLEN |
| June 29, 2006 | SENIOR UNITED STATES DISTRICT JUDGE |